STATE OF MINNESOTA ex rel. PETTER LURIA v. JOHN WAGENER.[1]

July 8, 1897.

Nos. 10,674—(244).

Class Legislation — Hawkers and Peddlers — License — Laws 1897, c. 107.

Chapter 107, Laws 1897, purporting to license and regulate hawkers and peddlers throughout the state, provides that the act shall not "be construed to prevent any manufacturer, mechanic, nurseryman, farmer, butcher, * * * selling, as the case may be, his manufactured articles, or products of his nursery or farm, or his wares, as * * * butcher, either by himself or employee." Held, the business of hawker or peddler is so far a legitimate and moral business that the legislature can regulate it only for the purpose of preventing it from becoming a nuisance; and, for that purpose, the distinctions attempted to be made between peddling by the manufacturer, mechanic, nurseryman, farmer, and butcher, as aforesaid, and the peddling of the same articles by the purchaser from these parties, constitute no proper basis for classification, and the classification so attempted is founded on no proper or natural distinction, but is arbitrary, and contravenes sections 33 and 34 of article 4 of the constitution.

Writ of habeas corpus to defendant, as sheriff of Ramsey county. Relator discharged.

[1] Reported in 72 N. W. 67.

*Stevens, O'Brien, Cole & Albrecht,* for relator.

Hawking and peddling without a license is forbidden by Laws 1897, c. 107, but section 5 excepts the manufacturer, with some others, from the application of the law. No such classification of hawkers and peddlers can be made, for no arbitrary distinction between different kinds or classes of business can be sustained, the conditions being otherwise similar. State v. Sheriff, 48 Minn. 236. See, also, State v. Bease, 46 Minn. 138; Temple v. Sumner, 51 Miss. 13; Chaddock v. Day, 75 Mich. 527; City v. Gugenheim, 61 Ill. App. 374.

*H. W. Childs* and *George B. Edgerton,* for respondent.

Exemptions like those expressed in section 5 have long been indulged in and are sustained by the courts of this country. People v. Sawyer, 106 Mich. 428; Seymour v. State, 51 Ala. 52; State v. Morehead, 42 S. C. 211; Com. v. Crowell, 156 Mass. 215; Village v. Fisher, 140 N. Y. 187.

CANTY, J.

Relator was by a justice of the peace convicted of peddling goods without a license in the town of Rose, in Ramsey county, contrary to chapter 107, Laws 1897, which provides:

"Section 1. No person shall hereafter be allowed to sell or expose for sale any personal property within any organized township within the state of Minnesota, as a peddler or hawker, without first obtaining a license therefor from the proper authorities of said organized township, in the manner hereinafter prescribed.

"Sec. 2. The township supervisors of every organized township in the state of Minnesota are hereby authorized and empowered to establish rates and prescribe rules for the issuing of licenses to hawkers and peddlers within the limits respectively of such organized township. The fee for such license in any organized township shall not exceed thirty (30) dollars per annum."

Section 3 provides that the town clerk may issue the license, and section 4 provides that, on conviction of peddling without a license issued as provided by the act, a fine of not less than $10, or more than $100, or imprisonment not exceeding 90 days, may be imposed.

Section 5 reads as follows:

"Sec. 5. This act shall not be construed to apply to any person

traveling from place to place, soliciting orders for goods, wares, or merchandise, with or without samples, where such goods, wares or merchandise are to be delivered by or through a person or corporation other than the one soliciting such orders; neither shall it be construed to prevent the sale accompanied by delivery of goods, wares, or merchandise to retail dealers; nor shall it be construed to apply to train boys; nor shall it be construed to prevent any manufacturer, mechanic, nurseryman, farmer, butcher, fish or milk dealer, selling, as the case may be, his manufactured articles, or products of his nursery or farm, or his wares, as a fish or milk dealer or butcher, either by himself or employee."

Relator was sentenced to imprisonment on such conviction, and sued out a writ of habeas corpus, claiming that this act is unconstitutional and void, for two reasons: (1) It contravenes sections 33 and 34 of article 4 of the constitution, prohibiting partial class legislation; and (2) it permits an excessive and unreasonable amount of money to be demanded as a license fee. We shall consider the first ground only.

We are of the opinion that the act is unconstitutional on the first ground. Section 33, aforesaid, provides:

"In all cases when a general law can be made applicable, no special law shall be enacted; and whether a general law could have been made applicable in any case, is hereby declared a judicial question, and, as such, shall be judicially determined without regard to any legislative assertion on that subject.   *   *   * "

Section 34 provides:

"The legislature shall provide general laws for the transaction of any business that may be prohibited by section one [section 33] of this amendment, and all such laws shall be uniform in their operation throughout the state."

This court has often held that, under these sections, the legislature must treat alike all who are in the same condition, must make the law apply to a whole class, and cannot make a law which applies only to a part of a class. And the class must be selected on some distinction, or be defined by some principle, which might naturally or properly distinguish it from all other classes.

We are of the opinion that these rules have not been complied with in the framing of this statute. It was proper to leave out of the class of persons to whom the act should apply several of the

classes of persons excepted by section 5 thereof. But other persons are excepted by section 5 who cannot be left out of the class covered by the act on any natural or proper distinction or principle. Thus, the manufacturer is allowed, by himself and his employee, to peddle without license the wares of his own manufacture. The legislature can regulate the business of hawker or peddler only for the purpose of preventing it from becoming a nuisance. The business is inherently moral and legitimate in itself, but there is in it a tendency to abuse, as many irresponsible, clamorous, and intrusive persons engage in it. It cannot be held, on any sound principle, that peddling may not become a nuisance as well when the peddler or his employer has manufactured the wares he peddles as when some one else has manufactured them. This act allows the manufacturer of brooms, tinware, patent medicine, or any other articles, whether manufactured in this state or elsewhere, to employ the most obstreperous and irrepressible peddlers to hawk his wares for him without license, while no peddler can buy the same goods from the manufacturer, and peddle them on his own account, without a license. For the purposes of a law to prevent peddling from becoming a nuisance, we cannot, on any proper basis of classification, distinguish between the peddling of goods by the manufacturer and his servant, and the peddling of the same goods by the purchaser from the manufacturer.

Thus, when the object of a law was to prohibit the nuisance arising from the emitting of dense smoke from chimneys, the law was held unconstitutional, because it excepted from the operation of the act the chimneys of manufacturing establishments. State v. Sheriff, 48 Minn. 236, 51 N. W. 112. The distinction was held to be arbitrary, and the classification improper.

In the same manner as the act here in question attempts to distinguish between peddling by the manufacturer and his servant and peddling by the purchaser from such manufacturer, it attempts to distinguish between peddling by the farmer or nurseryman and peddling by the purchaser from such farmer or nurseryman; between peddling by the butcher and peddling by the purchaser from such butcher. These distinctions are arbitrary and no proper basis for classification.

69 M.—14

This disposes of the case.   The act in question is unconstitutional, and the conviction under it is illegal and void.

It is ordered that the relator be, and he hereby is, discharged from custody.   Let judgment be entered accordingly.

MITCHELL, J.

While I concur in the result I do not wish to place the decision of the case exclusively upon sections 33 and 34, art. 4, of the constitution.   I am of opinion that, even if these sections had never been adopted, the act in question would have been invalid as "class legislation," because repugnant to section 2, art. 1, of the constitution, which declares that "no member of this state shall be  *  *  *  deprived of any of the rights or privileges secured to any citizen thereof unless by the law of the land."