# IN RE APPLICATION OF WALTER E. GRANTHAM TO PRACTICE LAW.[1]

October 18, 1929.

No. 27,590.

*C. Rosenmeier* and *Will A. Blanchard,* for applicant.

*Harold G. Cant, Edwin C. Brown, Francis D. Butler* and *Edwin L. Strand,* for Minnesota State Bar Association.

TAYLOR, C.

Walter E. Grantham made an application under L. 1929, p. 319, c. 267, to be admitted to practice as an attorney at law. The state bar association filed the same objections against his admission that it filed against the admission of George W. Humphrey. The two cases were argued together, and much that is said in the decision in the Humphrey case, 178 Minn. 331, 227 N. W. 179, applies to this case, although the requirements under the act involved in the Humphrey case are entirely different from the requirements under this act. This act reads:

"Any adult resident of the state of Minnesota, who has completed the prescribed course of study for admission to the practice of law in any state of the United States where said prescribed course of study is for a period of not less than three years, and who has been duly examined as to his qualifications by the law examining body of said state and admitted to the practice of law therein, and who has served as an official court reporter in the State of Minnesota

[1]Reported in 227 N. W. 180.

for not less than five years immediately following said examination under appointment of a district judge of this state, and who is recommended for his character, ability and learning by said judge, shall upon furnishing proof of the foregoing facts and payment of the usual fee be on motion before the supreme court of this state admitted within six months after the passage of this act to practice law in all of the courts of this state without examination."

This statute deals with the matter of the admission to practice law in this state of those residents of this state who have completed the prescribed course of study for admission to practice law in another state where the prescribed course is for a period of not less than three years and who have been duly examined as to their qualifications by the law examining body of that state and admitted to practice therein. But the operation of the statute is limited to those possessing the above qualifications who have served as official court reporters in this state for at least five years immediately following their examination and who are admitted under the act within six months after its passage.

These limitations mark it as special legislation. A statute which limits its operation to those who are within its provisions at the time of its passage or within a limited time thereafter is special legislation forbidden by the constitution. See cases cited in the Humphrey case, 178 Minn. 331, 227 N. W. 179. It is special legislation because it excludes all members of the class except the particular individuals who are within it at a specified time. As an illustration of the discriminatory effect of the statute in question, take the case of two applicants, both of whom possess all other prescribed qualifications and both of whom serve as official court reporters for a period of five years. If one completes his five-year term of such service before the expiration of the six months to which the operation of the act is limited, he is entitled to be admitted; if the other does not complete his five-year term of such service until after the expiration of such six months, he is not entitled to be admitted. The act violates the equality provisions of the constitution and is void.

It follows that the application must be denied.