## IN RE APPLICATION OF GEORGE W. HUMPHREY TO PRACTICE LAW.[1]

October 18, 1929.

No. 27,589.

*John W. Weeks* and *Jesse A. Schunk,* for applicant.

*Harold G. Cant, Edwin C. Brown, Francis D. Butler* and *Edwin L. Strand,* for Minnesota State Bar Association.

[1]Reported in 227 N. W. 179.

TAYLOR, C.

George W. Humphrey made an application under L. 1929, p. 630, c. 424, to be admitted to practice as an attorney at law. The state bar association filed objections to his admission on the ground that he had not passed the examination required by the board of law examiners and the rules of this court. The objectors concede that he has brought himself within the provisions of the statute cited, but contend that the statute violates the following provisions of the constitution: Art. 1, § 2, which reads in part:

"No member of this state shall be  *  *  *  deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land, or the judgment of his peers;"

Art. 4, § 33, which prohibits enacting any special law where a general law can be made applicable, and specifically prohibits

"granting to any corporation, association or individual any special or exclusive privilege;"

Art. 3, which divides the powers of government into three distinct departments and reads in part:

"No person or persons belonging to or constituting one of these departments shall exercise any of the powers properly belonging to either of the others."

That the legislature may make classifications for the purpose of legislation is unquestioned, but it cannot give to certain members of a class privileges withheld from other members of that class. Nichols v. Walter, 37 Minn. 264, 33 N. W. 800; Allen v. Pioneer-Press Co. 40 Minn. 117, 41 N. W. 936, 3 L. R. A. 532, 12 A. S. R. 707; State ex rel. McCue v. Sheriff of Ramsey County, 48 Minn. 236, 51 N. W. 112, 31 A. S. R. 650; State ex rel. Bd. of C. & C. H. Commrs. v. Cooley, 56 Minn. 540, 58 N. W. 150; Murray v. Commrs. of Ramsey County, 81 Minn. 359, 84 N. W. 103, 51 L. R. A. 828, 83 A. S. R. 379; State ex rel. Mudeking v. Parr, 109 Minn. 147, 123 N. W. 408, 134 A. S. R. 759; State ex rel. Greenberg v. Erickson, 159 Minn. 287, 198 N. W. 1000.

Under G. S. 1923 (1 Mason, 1927) §§ 133 and 5685, and the rules adopted by the supreme court pursuant thereto, all applicants for admission to practice law in this state are required to prove that they are of good moral character and possess certain prescribed educational qualifications, and in addition thereto are required to pass a satisfactory examination in prescribed subjects. The only exception to the requirement that an applicant must pass the prescribed examination is in the case of an attorney who has been duly admitted to practice in another state or territory, who is in good standing therein and has been actively engaged in the practice of his profession for at least three years next preceding his application. Such an applicant on complying with certain prescribed conditions may, in the discretion of the court and on the recommendation of the board, be admitted without examination.

The statute in question [L. 1929, p. 630, c. 424] commands that an applicant who shows that he is within its provisions shall be admitted without an examination. It applies only to an applicant

"who has served in the military or naval forces of the United States during the World War and received an honorable discharge therefrom and who was disabled therein or thereby within the purview of the Act of Congress approved June 7, 1924, known as 'World War Veteran's Act, 1924' and whose disability is rated at least ten per cent thereunder at the time of the passage of this act."

This statute clearly violates the constitutional provisions above cited. It violates the fundamental requirement of a permissible classification, which is that the matters or factors which differentiate those within the class from those not within it must be germane to the subject matter with which the act deals and must suggest some reasonable and natural ground for making a distinction between them. Nichols v. Walter, 37 Minn. 264, 33 N. W. 800; Johnson v. St. P. & D. R. Co. 43 Minn. 222, 45 N. W. 156, 8 L. R. A. 419; State ex rel. Douglas v. Ritt, 76 Minn. 531, 79 N. W. 535; Murray v. Commrs. of Ramsey County, 81 Minn. 359, 84 N. W. 103, 51 L. R. A. 828, 83 A. S. R. 379; State v. Walker, 83 Minn. 295, 86 N. W. 104; Hetland v. Commrs. of Norman County, 89 Minn.

492, 95 N. W. 305; Hjelm v. Patterson, 105 Minn. 256, 117 N. W. 610, 127 A. S. R. 560; Lowry v. Scott, 110 Minn. 98, 124 N. W. 635; State v. Pocock, 161 Minn. 376, 201 N. W. 610; Driscoll v. Commrs. of Ramsey County, 161 Minn. 494, 201 N. W. 945.

The qualifications which an applicant must possess to be admitted to the practice of law is the subject matter with which this act deals. We are unable to conceive how the fact that the applicant has served in the World War and has been disabled therein to an extent rated under a federal statute as at least ten per cent at the time of the passage of this act has any tendency to show that he possesses the qualifications necessary to fit him to practice law. The statute also limits its operation to those whose disability is rated as at least ten per cent at the time of its enactment, and thereby excludes from the privilege conferred all those whose disability was rated at less than ten per cent at that time and also all those whose disability might be rated thereafter as at least ten per cent. In this respect it violates both the provision prohibiting special legislation and the provision prohibiting the granting of special privileges. A classification cannot be based on existing conditions, thereby excluding those who may thereafter be in the same situation, nor on conditions which would exclude others on grounds having no reasonable relation to the subject matter of the act. State ex rel. Bd. of C. & C. H. Commrs. v. Cooley, 56 Minn. 540, 552, 58 N. W. 150; Alexander v. City of Duluth, 77 Minn. 445, 80 N. W. 623; Roe v. City of Duluth, 153 Minn. 68, 189 N. W. 429; also cases previously cited.

It follows that the application must be and is denied.