ROBERTS ET AL., RESPONDENTS, *v.* HOSKING ET AL., APPELLANTS.

(No. 7,176.)

(Submitted November 25, 1933.   Decided December 21, 1933.)

[28 Pac. (2d) 199.]

*Mr. Raymond T. Nagle,* Attorney General, and *Mr. C. J. Dousman,* Assistant Attorney General, for Appellants, submitted an original and a reply brief; *Mr. Dousman* argued the cause orally.

*Mr. E. G. Toomey* and *Mr. Carl McFarland,* for Respondents, submitted a brief; *Mr. Toomey* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The defendants have appealed from a judgment declaring subdivision 3 of section 2 of Chapter 46, Laws of 1933, and all of that Act to the extent that its provisions attempt to carry out and make effective the provisions of subdivision 3, unconstitutional and void, and enjoining the state officials charged with carrying out the provisions of the Act from acting under the provisions of subdivision 3 of the Act.

Chapter 46, above, was enacted to "Regulate the Practice of the Profession of Public Accounting," as a substitute for Chapter 231, Revised Codes of 1921. It authorizes the State University of Montana to issue certificates to applicants having designated qualifications, who have successfully passed examination in "auditing," "accounting," and "commercial law" as affecting accountancy, and such other related subjects as the University may designate, entitling the holders to practice as certified accountants, and to employ the title of "Certified Public Accountant" or the abbreviation "C. P. A."

Section 2 provides that: "The University may waive the examination and may issue a certificate in such form as to clearly indicate the conditions under which same be issued to any applicant who is possessed of the other qualifications hereinbefore recited, and who shall be— * * * (3) Employed as State Accountant, Corporation License Tax Auditor, State Examiner, or Assistant or Deputy State Examiner, and who shall have been so engaged exclusively and continuously for at least four years preceding the date of his application for said certificate, and who shall apply in writing to the University * * * within sixty days from and after the date of passage and approval of this Act. * * * "

The Act was approved March 6, 1933, and within sixty days thereafter William Hosking, John J. Walsh, Bruce A. Risley,

Robert N. Hawkins, Albert E. Williamson, Ray Ashley Lathom and Albin M. Johnson qualified under the exemption from examination expressed in subdivision 3, above, and applied for certificates and certificates were prepared for delivery to them. Thereupon these plaintiffs, qualified public accountants, but required to take the examinations, brought this proceeding in the district court of Lewis and Clark county to enjoin the delivery of the certificates.

The complaint filed alleges that the exception of these state employees from the requirement of examination is discriminatory and in violation of the Bill of Rights of both the federal and state Constitutions, and violative of the equal protection and due process of law clauses thereof (Const. U. S., Amend. 14); and of sections 3, 11, 14, 27, 29 and 30 of Article III of our Constitution, and that "there is no basis at all, nor any reasonable basis, for the classification and exemption." Many other attacks are made upon the Act on constitutional grounds.

To this complaint the defendants interposed a general demurrer, which was argued to the court and submitted on the argument and briefs furnished, and, after due consideration, the court overruled the demurrer. The defendants refused to plead further, electing to stand on their demurrer. The court then heard testimony on behalf of the plaintiffs, which is not in the record, and finally made and caused to be entered the judgment to which reference is made above.

While the complaint challenged the constitutionality of the Act as a whole, as well as that of the exemption clause, the court held only the exemption and so much of the Act as was necessary to carry it into effect unconstitutional, and it is therefore only with subdivision 3 of section 2 that we have to deal.

The regulation of public accountants has existed, without challenge, since 1909 (Chap. 39, Laws of 1909; Chap. 72, Laws of 1919, which became Chap. 231, Revised Codes of 1921). The purpose of this regulation is to protect the financial interests of the public by authorizing the University to determine the qualifications of accountants holding themselves

out to the public to act in that capacity, and to certify only those who are up to the standard set.

Section 10 of the Act defines a "public accountant" as "one who offers his services professionally [as an accountant] for pay to the general public"; and a "certified public accountant" is such a one "who shall have received a certificate as such under this law or prior laws of the State of Montana, or some other state." The Act, therefore, is intended to apply only to those accountants who make a business of serving any member of the public in need of such service in private business and not to those employed in a single business enterprise, or by the state in its governmental capacity.

It is asserted that the exemption here is in the nature of an award for public service, which is not a legitimate ground of exemption. It is held that exemption on account of service in time of war violates the uniformity clause of state and federal Constitutions (*McLendon* v. *State,* 179 Ala. 54, 60 So. 392, Ann. Cas. 1915C, 691; *In re Humphrey,* 178 Minn. 331, 227 N. W. 179), and that the exemption for license of one employed in a state institution, while requiring it of those engaged in private practice, is discriminatory (*Jackson* v. *State,* 55 Tex. Cr. 557, 117 S. W. 818).

However, it would seem that the underlying idea in the Act before us is not reward for public service, but rather that four years' service in the positions named should endow those so employed with the requisite skill and technical training to insure the safety of the public, should they, on leaving the employment of the state, launch out as public accountants. Certainly they are not "Public accountants" while in the employ of the state, within the meaning of the Act; they do not offer their services to the public.

A case more nearly in point than those cited above is that dealing with the exemption of those who have served five years as court reporters from taking the bar examination, on the evident theory that, in the time fixed, a court reporter would absorb sufficient law to render an examination unnecessary. (*In re Grantham,* 178 Minn. 335, 227 N. W. 180, 181.)

Whether or not their activities as state employees, in the several capacities mentioned, are sufficiently diversified to qualify these defendants who seek certificates by compliance with the provisions of subdivision 3, above, as "accountants," within the meaning of the Act, is at least doubtful.

While the term "accountant" is, for certain purposes, defined as "one who makes the keeping or examination of accounts his profession" (*United States ex rel. Liebmann* v. *Flynn*, (D. C.) 16 Fed. (2d) 1006, 1007), or "one skilled in keeping or adjusting accounts" (*Frazer* v. *Shelton*, 320 Ill. 253, 150 N. E. 696, 697, 43 A. L. R. 1086), in contemplation of the purpose of certifying public accountants, such definitions are not sufficiently comprehensive; those to be reached and controlled fall within the broad definition found in the Encyclopedia Britannica, where it is said: "The term * * * is sometimes adopted by bookkeepers, but this is an erroneous application of the term; it properly describes those competent to design and control systems of accounts required for the record of the multifarious and rapid transactions of trade and finance."

The work of the exempted state employees, as we understand it, is largely concerned with the auditing of the work of others, which is but one phase of accountancy which embraces skill of designing systems of accounts, bookkeeping and auditing. But whether or not the four years' work of these men would qualify them as public accountants, and justify the exemption of all those who at any time have this qualification from taking the required examination, we need not here determine. No such exemption is found in the Act; on the contrary, the challenged subdivision presumed to exempt only those who come within the provisions of the subdivision at the time of its enactment, and exempt them only provided they make application for a certificate within sixty days after the approval of the Act. These limitations mark it as special legislation. "A statute which limits its operation to those who are within its provisions at the time of its passage or within a limited time

thereafter is special legislation, forbidden by the Constitution." (*In re Grantham,* above.)

Subdivision 3 of section 2 of the Act is violative of the prohibition in the final clause of section 26, Article V, of our Constitution, which reads: "Where a general law can be made applicable, no special law shall be enacted."

The defendants cite the decision in *State ex rel. Marshall* v. *District Court,* 50 Mont. 289, 146 Pac. 743, Ann. Cas. 1917C, 164, wherein the law requiring the registration of nurses was held to be constitutional, as supporting their contention here, because that Act contained an exemption somewhat similar to that here in question (see sec. 10, Chap. 50, Laws of 1913), but that decision merely held that the Act requiring the registration of professional nurses did not violate the "due process" clause of the Constitution; the validity of the exemption clause therein contained was not considered nor the clause mentioned in the opinion.

As the challenged exemption clause unquestionably comes within prohibition of the Constitution, the judgment must be affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, STEWART and ANDERSON concur.

Rehearing denied January 10, 1934.