## STATE v. C. H. PEHRSON.[1]

July 7, 1939.

No. 32,105.

T. H. Wangensteen and F. W. Murphy, for appellant.

R. S. Wiggin, City Attorney, and Leo P. McHale and John F. Bonner, Assistant City Attorneys, for the State.

[1]Reported in 287 N. W. 313.

GALLAGHER, CHIEF JUSTICE.

Appeal from a judgment finding defendant guilty of violating an ordinance of the city of Minneapolis.

On November 10, 1938, a complaint signed by E. S. Hughes was filed in the municipal court of the city of Minneapolis. In substance, it charges that on November 9, 1938, defendant, C. H. Pehrson, sold one pound of butter to the complainant at and from an automobile temporarily parked in the rear of 4238 Portland avenue, Minneapolis; that, contrary to the mandate of a described ordinance, the sale was made without a transient merchant's license.

A plea of not guilty having been entered, the case was tried before one of the judges of said court. Defendant's motion for dismissal was denied. He was adjudged guilty and ordered to pay a fine of $25 and in default thereof to be imprisoned in the workhouse until the fine was paid, not exceeding the term of 30 days. From this judgment, defendant appeals.

The ordinance in question is entitled: "An Ordinance to amend an ordinance entitled, 'An ordinance to license and regulate dealers in natural products of the farm in the City of Minneapolis.'" It provides:

"Section 1.  *  *  * It shall be unlawful for any dealer in farm products, as that term is hereinafter defined, to do business within the limits of the City of Minneapolis without first procuring a license therefor and paying the license fee hereinafter prescribed.

"Section 2. Dealers in farm products shall be classified as follows: (1) Transient merchants or (2) Wholesale commission dealers.

"Section 3. For the purpose of this ordinance a 'transient merchant' is hereby defined to be any person, firm or corporation selling, or otherwise disposing of, or displaying for sale, merchandise, consisting of the farm products as hereinafter defined, except milk, cream, hay, grain or straw, and which person, firm or corporation does not have an established place of business in the City of Minneapolis licensed under the provisions of an ordinance entitled, 'An Ordinance providing for the preservation of health and the prevention and suppression of disease in the City of Minneapolis  *  *  *.'

"The words, 'farm products,' are hereby defined to be livestock including cattle, hogs, sheep, veal, poultry and meats; and poultry products, including eggs, butter, fresh and frozen fish, but excepting milk, cream, fruit and vegetables. * * *

"Section 6. The provisions of this ordinance as to license and payment of license fee shall not apply to any person selling or peddling the farm products as defined herein from land occupied and cultivated by him, provided that any such person shall comply with each and all of the other provisions of this ordinance. * * *

"Section 8. Every transient merchant operating within the city of Minneapolis, in addition to the license fee herein specified, shall deposit with the Superintendent of Licenses, Weights and Measures a surety bond in the sum of not less than One Thousand Dollars ($1,000.00) executed by a surety company * * * conditioned upon the faithful compliance with the terms and requirements of this ordinance, and also conditioned upon indemnifying or reimbursing any purchaser of goods, wares or merchandise in the sum equal to at least the amount of any payments or payment such purchaser may have been induced to make through misrepresentation as to the kind, quality or value of such goods, wares or merchandise. * * *

"Section 10. The license fee for a license as 'transient merchant' shall be the sum of Fifty Dollars ($50.00) per year, which license fee shall be paid to the City Treasurer at the time of the filing of the application for such license. In the event such application is filed after the beginning of the license year, * * *."

Appellant contends that (1) the trial court erred in denying defendant's motion for dismissal on the ground of insufficiency of evidence; (2) the ordinance is unconstitutional because (a) it violates provisions of the state and federal constitutions forbidding class legislation, denial of equal protection of the laws, and deprivation of property without due process of law; (b) the subject of the ordinance is not expressed in its title; and (3) the ordinance tends to encourage monopoly contrary to the public policy of the state.

■ In determining whether or not the refusal of the trial court to dismiss was reversible error, all the evidence in the case is to

be considered. State v. Baker, 161 Minn. 1, 200 N. W. 815; State v. Omodt, 198 Minn. 165, 269 N. W. 360; State v. Traver, 198 Minn. 237, 269 N. W. 393. The only witness called for the state was E. S. Hughes, who testified that he was employed by the city of Minneapolis in the license department as inspector. His duties include checking up on transient merchants, peddlers, and other people selling on the street in order to determine whether or not they are licensed. On November 9, 1938, he saw defendant's truck parked in the rear of a house on Portland avenue in south Minneapolis. The witness approached Pehrson and, after some conversation, bought a pound of butter from him. Search of the records disclosed that defendant had no license. On cross-examination, Hughes admitted that he did not purchase the butter for the purpose of consumption. Defendant testified in his own behalf. He stated that he was engaged in the "delivery of retail milk and butter" which he purchased from the Farmers Co-operative Creamery. Owning one vehicle, he conducts his business from his home at 4201 Second avenue south. Pehrson conceded that he had no license.

It is obvious that the evidence was sufficient to support the conclusion that defendant was a transient merchant, within the meaning of the ordinance, selling or displaying for sale "natural products of the farm" without a license. If the ordinance is constitutional, judgment must be affirmed.

■ Appellant has premised his claim that the ordinance is discriminatory on four grounds: (1) "Transient merchants" who buy from the farmer and resell to the public must obtain a license and deposit a surety bond while others selling the same products in the same manner are excused from these requirements if the commodities sold are from land occupied and cultivated by them; (2) those selling the products covered by the ordinance in an established place of business are required to pay, in addition to an initial application fee of two dollars, only six dollars annually for a license, while "transient merchants," as defined by the ordinance, must pay $50 for a license and post a surety bond in the amount of $1,000; (3) "transient merchants" who sell or display for sale

cattle, hogs, sheep, veal, poultry, eggs, butter, and fresh or frozen fish must be licensed and file a bond, while those who sell milk, cream, fruit, vegetables, hay, grain, or straw need not be; and (4) the license fee charged and the bond required are the same in amount regardless of how many vehicles are owned and used by licensees.

The general principles to be applied are well established. Class legislation is forbidden by Minn. Const. art. 1, § 2, and art. 4, § 33, as well as by U. S. Const. Amend. XIV. 1 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 1673, and cases cited. The problem arises when a law selects particular individuals from a class and imposes on them special burdens from which others of the same class are exempt. State ex rel. Madigan v. Wagener, 74 Minn. 518, 77 N. W. 424, 42 L. R. A. 749, 73 A. S. R. 369; State v. Luscher, 157 Minn. 192, 195 N. W. 914; State v. Broden, 181 Minn. 341, 232 N. W. 517. To operate uniformly, a law must bring within its influence all who are in the same condition and treat them alike. State v. Dirnberger, 152 Minn. 44, 187 N. W. 972. Legislative enactments which discriminate against some and favor others are prohibited unless they affect alike all persons similarly situated and the classification is not arbitrary. State v. LeFebvre, 174 Minn. 248, 219 N. W. 167; In re Application of Humphrey, 178 Minn. 331, 227 N. W. 179; In re Application of Grantham, 178 Minn. 335, 227 N. W. 180. If a classification is made on a reasonable basis and is applicable without discrimination to all similarly situated, it is valid. Park v. City of Duluth, 134 Minn. 296, 159 N. W. 627. If the law presumably strikes at the evil which the legislature proposes to eradicate, it is not to be overthrown because there are other instances to which it might have been applied. State v. Nordstrom, 169 Minn. 214, 210 N. W. 1001; Bosley v. McLaughlin, 236 U. S. 385, 35 S. Ct. 345, 59 L. ed. 632; Blaisdell v. Home Bldg. & L. Assn. 189 Minn. 422, 249 N. W. 334, 86 A. L. R. 1507. The fact that a statute discriminates in favor of a certain class does not make it arbitrary if the discrimination is founded upon a reasonable distinction or if any reasonable state of facts can be conceived to sustain it. State Board of Tax Commrs. v. Jackson, 283 U. S. 527, 537, 51 S. Ct. 540,

75 L. ed. 1248, 73 A. L. R. 1464, 75 A. L. R. 1536; Rast v. Van Deman & Lewis Co. 240 U. S. 342, 36 S. Ct. 370, 60 L. ed. 679, L. R. A. 1917A, 421, Ann. Cas. 1917B, 455. If the selection is neither capricious nor arbitrary and rests upon some reasonable consideration of difference or policy, there is no denial of equal protection of the law. Brown-Forman Co. v. Commonwealth of Kentucky, 217 U. S. 563, 30 S. Ct. 578, 54 L. ed. 883. The rights of all persons must rest upon the same rule under similar circumstances, and classification must be based on some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrarily and without any such basis. Louisville G. & E. Co. v. Coleman, 277 U. S. 32, 37, 48 S. Ct. 423, 72 L. ed. 770, quoted in National Tea Co. v. State, 205 Minn. 443, 286 N. W. 360.

It is clear that the ordinance with which we are here concerned imposes burdens on the class "transient merchants" to which others generally are not subjected. The question to be determined is whether the classification made is reasonable.

It has been judicially affirmed in this state that a law which forbids the sale of commodities from house to house but exempts from its operation farmers who sell their own produce is unreasonably discriminatory. In State ex rel. Luria v. Wagener, 69 Minn. 206, 72 N. W. 67, 68, 38 L. R. A. 677, 65 A. S. R. 565, it was held that a statute which provided that no person should be allowed to sell any personal property as a peddler or hawker without first obtaining a license therefor was unconstitutional because it further provided that the act should not be construed to prevent any manufacturer, mechanic, nurseryman, farmer, butcher, fish or milk dealer, selling his products either by himself or by an employe. The court there said [69 Minn. 209]:

"In the same manner as the act here in question attempts to distinguish between peddling by the manufacturer and his servant and peddling by the purchaser from such manufacturer, it attempts to distinguish between peddling by the farmer or nurseryman and peddling by the purchaser from such farmer or nurseryman; * * *

*These distinctions are arbitrary and no proper basis for classification."*

This decision was approved in State v. Jensen, 93 Minn. 88, 100 N. W. 644, where the appellant claimed that an ordinance requiring peddlers to be licensed did not apply to a farmer selling the products of his farm from house to house. In rejecting this contention, Chief Justice Start, speaking for the court, expressed the opinion that the fact that articles sold are the products of the seller's own farm or garden affords no just reason why he should not be placed on the same basis as parties who purchase their stock from others.

Subsequently there was added to Minn. Const. art. 1, § 18, which provides: "Any person may sell or peddle the products of the farm or garden occupied and cultivated by him without obtaining a license therefor." It is noted that this amendment merely prevents requiring farmers selling their own produce to be licensed. It does not necessarily follow that others selling products purchased from the farmer can be licensed without infringing on constitutional rights. The decisions of this court which have been mentioned above are controlling precedents for the proposition that a distinction between those who grow and those who do not grow the product which they sell is, when the purpose of the ordinance is to regulate selling from house to house, unreasonable and arbitrary. No reasons have been advanced which would justify us in abandoning the holding of these early cases. Since the classification is unreasonable, the ordinance is violative of U. S. Const. Amend. XIV. See also State ex rel. Mudeking v. Parr, 109 Minn. 147, 123 N. W. 408, 134 A. S. R. 759.

The conclusion that the ordinance is unconstitutional having been reached, an exhaustive discussion of the other claims of appellant is not necessary to a disposition of the case. However, brief expression of our present view relating to these arguments may not be amiss. The claim that the ordinance discriminates against "transient merchants" and in favor of persons with established places of business is made in light of another Minneapolis ordi-

nance entitled: "An ordinance providing for the preservation of health and the suppression of disease in the City of Minneapolis, and for the inspection, regulation and licensing of hotels, restaurants, cafes, boarding houses, inns, taverns, meat markets, mercantile establishments, and all places offering for sale and selling any food or drink," which provides, in part, that those covered by the ordinance must apply for and obtain a license, paying two dollars as an application fee and six dollars annually as a license fee. A classification which distinguishes between those who sell commodities from an established place of business and those who vend the same articles from door to door is not arbitrary. The latter are more likely to become a nuisance because the nature of their business requires encroachment, to some extent at least, on the privacy of the home. Difficulties of inspection are enhanced by the fact that they are constantly moving from place to place. Since they use comparatively little capital goods in conjunction with their business, their tax burden is relatively light and more easily evaded. These differences are sufficient to justify distinguishing between the two classes of merchants. See Singer Sewing Machine Co. v. Brickell, 233 U. S. 304, 34 S. Ct. 493, 58 L. ed. 974.

The business of a transient merchant is legitimate but may become a nuisance and is subject to reasonable regulation under the police power. City of St. Paul v. Traeger, 25 Minn. 248, 33 Am. R. 462; State ex rel. Luria v. Wagener, 69 Minn. 206, 72 N. W. 67, 38 L. R. A. 677, 65 A. S. R. 565. No reason has been advanced, and we are unable to conceive of any, which would make the distinction drawn between persons selling such products as milk, cream, fruit, vegetables, hay, grain, or straw exempted from the ordinance and the sellers of the "natural products of the farm" included in the ordinance a rational one. It cannot be said, for example, that a man selling eggs is any more apt to become a nuisance than one selling vegetables. No reason appears why butter should be considered more dangerous to the health of consumers than milk, cream, or fruit.

While it would seem wise to vary the amount of the license fee with the magnitude of the business licensed, the fact that the fee

charged does not thus vary is not, of itself, sufficient to render an ordinance unconstitutional. See City of Los Angeles v. Los Angeles Ind. Gas Co. 152 Cal. 765, 93 P. 1006; Magneau v. City of Fremont, 30 Neb. 843, 47 N. W. 280, 9 L. R. A. 786, 27 A. S. R. 436; Altoona v. O'Leary, 254 Pa. 25, 98 A. 798; State v. Reeves, 112 S. C. 383, 99 S. E. 841; City of St. Louis v. Sternberg, 69 Mo. 289.

The claim that the title does not embrace the subject of the ordinance is premised on the theory that the term "natural products of the farm," the class of objects which according to the title is affected by the ordinance, does not include butter. While it is true that cream is transported to creameries for the purpose of being made into butter and that very little churning is now done on the farm, it would be overly technical to say that butter is not a natural product of the farm. The terms are connected in popular significance, and that is sufficient. Sverkerson v. City of Minneapolis, 204 Minn. 388, 393, 283 N. W. 555, 557, 120 A. L. R. 944.

■   The claim that the ordinance encourages monopoly does not, in view of the record in this case, impress us. Any license fee tends to limit the number of people who engage in a business. Yet the power of the state and municipalities to license private enterprise is so well recognized as to make citation of authorities superfluous.

Judgment reversed.

Mr. Justice Hilton, being incapacitated by illness, took no part.