# STATE v. A. MARCUS.[1]

July 3, 1941.

No. 32,780.

*Joseph L. Nathanson,* for defendant.

[1]Reported in 299 N. W. 241.

*J. A. A. Burnquist,* Attorney General, *Hayes Dansingburg,* Assistant Attorney General, *James F. Lynch,* County Attorney, and *Horace R. Hansen,* Assistant County Attorney, for the State.

LORING, JUSTICE.

Defendant demurred to an information charging that he sold 25 bushels of apples, as a wholesale dealer, to a retailer of produce without first obtaining a license as such dealer from the commissioner of agriculture, as required by 3 Mason Minn. St. 1940 Supp. §§ 6240-18½ to 6240-18½q. The demurrer was based upon the ground that the facts stated in the information do not constitute a public offense on the theory that the statute cited is unconstitutional.

The court overruled the demurrer, and the case comes here upon certification of the questions (1) whether the information charges a public offense under the statute, and (2) whether or not the statute is constitutional.

The law in question regulates wholesale dealers in produce by placing them under the supervision of the commissioner of agriculture. Obviously, it is designed to protect the farmer. It has much the same purpose and effect as L. 1899, c. 225, which was enacted to shield the agricultural class from the fraudulent practices of commission merchants. State ex rel. Beek v. Wagener, 77 Minn. 483, 80 N. W. 633, 778, 1134, 46 L. R. A. 442, 77 A. S. R. 681. This court there held constitutional the law as it then existed. Since that time the scope of L. 1899, c. 225, has been gradually enlarged through various legislative enactments,[2] and it now regulates wholesale dealers as well as others. However, it has retained the same fundamental structure with two exceptions: (1) That in 1919 the power of regulation over produce dealers was transferred from the railroad and warehouse commission to the commissioner of agriculture; and (2) that in 1921 the power of regulation over

[2] R. L. 1905, § 5543; R. L. 1905, §§ 2114-2120; R. L. 1909, § 2120-1; L. 1913, c. 432; L. 1915, c. 370; L. 1919, c. 444, § 3; L. 1921, c. 78 and c. 213; L. 1923, c. 254 and c. 261; L. 1927, c. 427; L. 1931, c. 394; L. 1939, c. 251.

dealings in grain, hay, straw, and livestock was placed under the jurisdiction of the railroad and warehouse commission.

Briefly summarized, §§ 6240-18½ to 6240-18½q require wholesale produce dealers to be licensed, to post a bond to insure payment to the farmer, and to make reports to the farmer concerning the sale of produce. Provision is also made for punishment for violation.

■ The defendant places his greatest reliance on State v. Pehrson, 205 Minn. 573, 287 N. W. 313, 123 A. L. R. 1045, a prosecution for the violation of an ordinance of Minneapolis requiring a license fee from transient merchants engaged in selling certain farm products, and exempting from payment of the license those who sold products from land occupied and cultivated by them. The ordinance required a surety bond from such transient merchants to indemnify purchasers of goods sold by them against misrepresentation as to the kind, quality, or value of such goods. This court, following its previous decisions,[3] held that the exemption of the producers of such articles from payment of a license fee constituted an unconstitutional discrimination in violation of the Fourteenth Amendment. In that case, however, the obvious purpose of the ordinance was to protect those who purchased from the transient merchants. It had, of course, no purpose of protecting the producers, as has the law here challenged, and this court was careful to confine its decision to a situation where the purpose of the ordinance was to regulate selling from house to house.

The purpose of the law here in question is obviously to protect farmers and the producers of the products described therein, and it requires a bond, the amount of which is to be fixed by the commissioner of agriculture, to protect vendors who have sold produce purchased by the wholesaler when such articles have been produced upon farms and sold as part of the farming operations thereof. 3 Mason Minn. St. 1940 Supp. § 6240-18½c.

In our opinion, the classification made by the law in favor of the producers of farm products is germane to its purpose and is

---

[3]State ex rel. Luria v. Wagener, 69 Minn. 206, 72 N. W. 67, 38 L. R. A. 677, 65 A. S. R. 565; State v. Jensen, 93 Minn. 88, 100 N. W. 644.

abundantly justified by the nature of the business of farmers and their situation in their dealings with wholesale dealers engaged in purchasing their products. The farmer's situation renders him peculiarly subject to the practice upon him of deceit and delay in connection with the payment for his produce, and it is quite clear that the act was intended to meet this situation. The reasons justifying the classification are set out extensively in State ex rel. Beek v. Wagener, 77 Minn. 483, 497, 80 N. W. 633, 778, 1134, 46 L. R. A. 442, 77 A. S. R. 681, which was followed in State ex rel. Young v. Standard Oil Co. 111 Minn. 85, 96, 126 N. W. 527; see also State v. Mason, 94 Utah, 501, 78 P. (2d) 920, 117 A. L. R. 330, and note, 117 A. L. R. 350. The requirement of a license is but incidental to the administration and enforcement of the law. The fact that under our constitution, art. 1, § 18, no license may be required of the farmer who sells his own products does not affect the case before us except to show that the people of the state have by fundamental law recognized a classification in his favor in licensing vendors of farm products.

■ Defendant contends that the law unreasonably places restraints upon the right to pursue useful business, in short, that it is not within the police power of the state to regulate such business. The same question was raised in the Wagener case, *supra,* and the court upheld the regulation as a valid exercise of the police power. We deem the reasoning in that decision controlling as applied to this case. The point is covered in annotations in 48 A. L. R. 449 and 117 A. L. R. 347.

3. It is defendant's further contention that the act attempts to set up class legislation by exempting certain farmers' coöperatives from its provisions. Section 6240-18½ defines dealers at wholesale and provides "that coöperative associations having not more than forty per cent (40%) of nonmember patrons shall not be deemed dealers at wholesale within the meaning of this Act." The fact that the legislature saw fit to require at least 60 per cent of the patrons of these farmers' associations to be members ·in

order to bring them within the exemption enjoyed by farmers does not appear to be unreasonable. Mathison v. Minneapolis St. Ry. Co. 126 Minn. 286, 148 N. W. 71, L. R. A. 1916D, 412; Northern Cedar Co. v. French, 131 Wash. 394, 230 P. 837.

■ Defendant urges that to exempt hay, grain, straw, and livestock, other than veal, from the provisions of the act constitutes an arbitrary distinction. Dealers in livestock are separately licensed and bonded under the railroad and warehouse commission pursuant to 3 Mason Minn. St. 1940 Supp. § 5285-18, and dealers in hay, grain, and straw are also separately licensed and bonded by the commission under 1 Mason Minn. St. 1927, § 6197. Thus there is a reasonable basis for the exception in this law. The contention that livestock, other than veal, creates a class within a class is without merit, since veal is not livestock.

■ The final point raised is that the law unlawfully delegates powers of legislation to the commissioner of agriculture in that it allows him to set the amount of the bond. This is a mere administrative duty and may be delegated. State ex rel. Beek v. Wagener, 77 Minn. 483, 501, 80 N. W. 633, 778, 1134, 46 L. R. A. 442, 77 A. S. R. 681.

The order overruling the demurrer is affirmed, and the questions certified are answered in the affirmative.