STATE *vs.* THOMAS O'CONNOR. SAME *vs.* JOHN BAUMAN. SAME *vs.* SWAN YOUNGREN.

Argued June 15, 1894. Affirmed July 13, 1894.

Nos. 8797, 8740, 8809.

Proprietor prima facie responsible for open saloon on Sunday.

Under the ordinance of the city of Minneapolis requiring saloons and places where intoxicating liquors are sold to be closed and kept closed on Sundays, the owner is prima facie responsible for such place being open on Sunday, whether he is present or not.

Conviction sustained by the evidence.

Evidence *held* sufficient to sustain a conviction.

Revocation of license is not punishment.

State v. Harris, 50 Minn. 128, to the effect that revocation of licenses under that ordinance is not punishment in such sense as to affect the jurisdiction of the municipal court to try complaints for violating the ordinance, followed.

Appeal by defendant, Thomas O'Connor, from an order of the Municipal Court of the City of Minneapolis, *Stephen Mahoney,* J., made February 5, 1894, denying his motion for a new trial after

v.58 m.—13

his conviction of the offense of keeping his liquor saloon open on Sunday.

Appeal also by defendant, John Bauman, from a like order of the same court made February 7, 1894, denying him a new trial after his conviction of a like offense.

Appeal also by defendant, Swan Youngren, from a like order of the same court made March 6, 1894, denying him a new trial after his conviction of a like offense.

*David F. Simpson* and *M. D. Purdy,* for the state in each case.

*Fred C. Cook, W. H. Donahue,* and *Davenport & Thian,* for the appellants.

GILFILLAN, C. J.   The prosecution in each of these cases, brought in the Municipal Court, was for violation of the ordinance of the city of Minneapolis regulating the sale of liquors, the specific charge in each case being that the defendant did not close and keep closed on a specified day, being Sunday, his saloon or place where intoxicating liquors are sold by the glass and drink.   Each complaint alleged that on a day specified the defendant was convicted and sentenced in the Municipal Court for a similar offense, and that at the times when both offenses were committed the defendant was operating under the same license.

In one of the cases it is insisted that the offense was not proved, because it did not appear that the defendant was present when the saloon was open on Sunday.

The ordinance makes it the duty of the owner to close it, and keep it closed, on Sunday.   The only excuse he could give for not doing so (conceding that it would be an excuse) would be by showing that it was open against his will, and notwithstanding all reasonable effort by him to keep it closed.   He is the master of the place, and *prima facie* responsible for its being open.   Any other rule would make it in many instances difficult, if not impossible, to adequately enforce the ordinance.

The evidence in the Youngren case was sufficient to justify a finding that the saloon was open within the sense of the ordinance, even on an interpretation narrower than either its terms or spirit would permit; for the evidence would justify a finding, not only that it was open to the public, and for the business of selling liquor by the

glass, but that such business was actually transacted.    The point
is not made in the other cases.

It is urged also in the Youngren case that to call for a revocation
of the license held when the second offense was committed it must
be the same license that was held when the first was committed, and
that, we think, is so.    But it is insisted there was no evidence of
it, which is not so.    It is conceded by appellant's brief that it was
admitted that defendant "is the proprietor and licensee."    It must
have been the same license, for between the two dates—October 8
and December 17, 1893—he could not have got a new one, unless he
committed perjury in the affidavit required in the application for
one, which must state whether the applicant has within one year
been convicted of violating any provision of the ordinance, or unless
the city authorities violated the provision of the ordinance forbid-
ding license to issue to one so convicted within one year; neither
of which can be presumed.

In the two other cases the point decided in *State* v. *Harris,* 50
Minn. 128, (52 N. W. 387, 531,) that the revocation of the license is
not punishment within the meaning of the constitution, so as to re-
move the case beyond the jurisdiction of justices of the peace, is
again presented.    We see no reason for reconsidering that decision.
The license is revoked, not for punishment, but because, by violating
the law of his license, the holder shows he is no longer a fit man to
hold it.

The appellants' briefs in those two cases insist that the ordinance
is repugnant to Laws 1889, ch. 87, passed after the ordinance, in that
the act requires persons holding licenses to sell intoxicating liquors
to close their places of business (hotels excepted) at 11 o'clock at
night, and keep them closed till 5 o'clock in the morning, while the
ordinance forbids any such licensed person to sell or dispose of any
liquors, or permit them to be drank on the premises, between 12
o'clock midnight and 5 o'clock in the morning.

And then the brief proceeds to assail the act claimed to create
the repugnancy as being unconstitutional and void because class
legislation, making a distinction between hotels and other places
where liquors are sold.

Whether, in respect to the hours of keeping closed at night, there
is repugnancy between the statute and the ordinance, such that the

former operates to repeal the provisions of the latter, and whether the statute is obnoxious to the constitutional objection, we will determine when we have cases before us involving those questions.

It is enough for the cases we now have that there is no statute whose provisions are repugnant to those of the ordinance in respect to closing and keeping closed on Sunday.

There are some other minor points made, but we do not deem them worthy of particular mention.

Orders affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 999.)