STATE v. JOHN C. SODINI.[1]

November 29, 1901.

Nos. 12,717—(16).

### Intoxicating Liquor—Sale on Sunday.

In a prosecution under Laws 1901, c. 292, for keeping open a licensed saloon on Sunday, it was proper to show that drinks were being dispensed at the bar in such place on that day. If such evidence tended to show the commission of another crime, it was nevertheless material and competent to show that the offense charged was committed.

### Same—License to Sell.

Where a saloon license is obtained, having a certain street number designated therein, which is accepted by the keeper for his protection, the fact that the license does not particularly describe the room at the place so designated where the keeper runs his bar will not avail or excuse him in a prosecution for keeping open a licensed saloon on Sunday.

### Same—Evidence.

Where a party is charged with keeping open a licensed saloon on Sunday, and attempts to absolve himself from such charge by evidence that he had no knowledge of such fact, and had given his bartenders previous explicit instructions to keep such place closed on Sunday, it may be shown that on Sundays previous to the date of the offense charged in the indictment his saloon was open and running.

Defendant was convicted in the district court for Hennepin county of the crime of keeping open a saloon on Sunday. From an order, Elliott, J., denying a motion for a new trial, defendant appealed. Affirmed.

*Erwin, Ferree & Mead*, for appellant:

*W. B. Douglas*, Attorney General, *C. W. Somerby*, Assistant Attorney General, *F. H. Boardman*, County Attorney, and *Al. J. Smith*, Assistant County Attorney, for the State.

LOVELY, J.

Defendant was convicted under Laws 1901, c. 292, of keeping

[1] Reported in 87 N. W. 1130.

open a licensed saloon on Sunday. From an order denying his motion for a new trial he appeals to this court.

There are twenty-nine assignments of error, but we deem only three questions raised thereby worthy of consideration.

1. The defendant is a keeper of a variety theater, in connection with which he runs a restaurant, and in the rear a liquor saloon. He keeps open the restaurant and theater seven days in the week, giving two performances each Sunday at the latter place. He insisted at the trial that with reference to the saloon he had complied with the law, and kept it closed every Sabbath. Proof was introduced on the part of the prosecution to show that the saloon on the Sunday named in the indictment was open; that bartenders were there engaged in selling drinks in the usual way to a large number of people during the performances in the theater.

Defendant complains, under several assignments, that he has been prejudiced by the introduction of evidence tending to show that during a Sabbath day designated in the indictment his bartenders were behind the bar dispensing intoxicating liquors, for the reason, as urged by his counsel, that such evidence was unnecessary, and tended to prove the commission of another offense, under Laws 1901, c. 292, viz., the offense of selling intoxicating liquor on the Sabbath day, while he was being prosecuted upon an indictment for keeping open a licensed saloon.

Chapter 292 provides for the punishment of two distinct offenses,—one for selling liquors at a licensed saloon on the Sabbath, and another for keeping open such place on that day for that purpose, which was the precise charge against defendant. We have no doubt that the act of keeping open a saloon and selling drinks at the bar would subject the offender to punishment for both offenses, and for that reason testimony which tends to prove that drinks were being dispensed behind the bar, in the very nature of things, would have a tendency to show that the saloon was being kept open,—a very obvious conclusion.

2. The defendant's license designated a particular street number where the saloon was maintained, in which was the room at the rear of the theater where this saloon was run. There were other rooms under the same roof to which the same number was appli-

cable, and it is insisted that the license did not in this respect comply with G. S. 1894, § 2018, which provides that all licenses shall contain a description of the premises and room where the saloon is operated. This description may not have been as definite as it should have been. The showman who ran the saloon annex to the theater in this instance may not have had a license with the best or even a legally accurate description of the place where he dispensed liquors over his bar, while the municipal authorities may not, if they knew of such fact, have insisted on a better description of the same. But defendant relied upon this license, and there is no doubt but that under it he kept his bar running during the week. It was all the protection he had for doing so, and, having accepted and relied upon it during the times when a license would give him that right, he cannot now take advantage of its uncertainty, or deny that it brings his place within the statutory description of a licensed saloon, to shield him from accountability for acts which are applicable to persons running such places.

3. The defendant was sworn as a witness, and denied that he knew anything of sales of liquor during any Sabbath at his saloon. He claimed he was not there on Sundays; also that each one of his bartenders, when he was hired, during a long time previous to the alleged offense, had been directed by him not to keep his saloon open on Sundays, and that such instructions had been repeated several times to each employee. The prosecution, in rebuttal, were allowed to give evidence that on several Sundays previous to the one named in the indictment the saloon in question had been "wide open," and running from noon until eleven o'clock at night, during the hours of the performance in the show place.

Defendant now insists that this evidence should not have been admitted. We think, under the situation at the trial as it then stood, it was clearly competent. It was in direct contradiction to the statements of the owner concerning previous occasions. It might be that a bartender or employee of the owner of a saloon would open the same against the owner's wishes on Sunday, and sell or give away a single drink. Such a sporadic unlawful act might not necessarily involve the owner of the place. But, if the

saloon was open, presumably it would be with the knowledge of the owner; and, if such owner should claim lack of knowledge of the fact to excuse him, any evidence which had a tendency to establish the contrary would be competent, particularly when he relied upon instructions to his bartenders to close, and expected they would obey him; hence it would seem clear that, after the owner of the place had testified that he had given such instructions repeatedly, it was competent to show the fact that those to whom they were given were running the place notwithstanding such orders, as tending to contradict his evidence in that respect, or to show that such instructions were not given in good faith. Bartenders, we should suppose, would not be more anxious than others to assume burdens in opposition to their employer's wishes, or to occupy their time, on the one day of the week when the law forbids labor, in working for his benefit without his knowledge, and we are not surprised that these alleged instructions did not have much convincing weight with the jury.

Other alleged errors are without merit. We are satisfied with the result.

The order appealed from is affirmed.