# STATE v. L. J. ROSENFIELD and Another.[1]

## July 1, 1910.

### Nos. 16,519—(21).

**Public dance house — statute constitutional.**

> The defendants were convicted of the offense of permitting, contrary to R. L. 1905, § 4936, a person under the age of twenty-one years to be and remain in a dance house conducted by them. *Held*, that the statute is a proper exercise of the police power; that it is not class legislation; that a dance house, as the term is used in the statute, is a place maintained for promiscuous and public dancing, the rule of admission to which is not based upon personal selection or invitation; that the complaint states a cause of action; that the trial court did not err in its instructions to the jury; and that the verdict is sustained by the evidence.

Defendants were convicted in the municipal court of Minneapolis of the offense of permitting a person under twenty-one years of age to be and remain in a certain dance house owned and kept by them. From an order, Charles L. Smith, J., denying defendants' motion for a new trial, they appealed. Affirmed.

*Geo. W. Caldwell,* for appellants.

*Frank Healy* and *John A. Dahl,* for the State.

START, C. J.

The defendants were charged by complaint in the municipal court of the city of Minneapolis with the offense of permitting, on March 20, 1909, a person under the age of twenty-one years to be and to remain in a dance house owned and managed by them. The prosecution was based upon R. L. 1905, § 4936, which is as follows:

"Whoever permits any person under the age of twenty-one years to be or remain in any dance house, concert saloon, place where intoxicating liquors are sold or given away, or in any place of entertainment injurious to the morals, owned, kept or managed by him

[1]Reported in 126 N. W. 1068.

in whole or in part, * * * shall be guilty of a misdemeanor. * * *"

There was a trial by jury, and a verdict of guilty against each of the defendants, and they appealed from an order denying their motion for a new trial.

1. The first contention of the appellants is that the complaint does not charge a public offense. The here material allegations of the complaint are these: On March 20, 1909, within the corporate limits of the city of Minneapolis the defendants did unlawfully permit Marie O'Conners to be and to remain in the premises known as No. 401 Washington Avenue South, then being a dance hall owned, kept, and managed by them, and Marie O'Conners then being a person under the age of twenty-one years, to wit, of the age of sixteen years, contrary to the form of the statute in such case made and provided.

It is urged that the complaint does not in any way describe the character of the dance house, nor does it allege that it was a place injurious to morals; hence it does not charge a public offense, for the reason that the statute applies only to dance houses in which intoxicating liquors are sold and to those which are injurious to morals. The statute cannot be so construed, for its express language makes it an offense to permit persons under the age of twenty-one years to be or remain in any one of the four specified places, namely, a dance house, a concert saloon, a place where intoxicating liquors are sold or given away, and any place of entertainment injurious to morals. If the offense be for permitting a minor to remain in a place other than a dance house or concert saloon, it is clear that the complaint must charge, either that intoxicating liquors were sold or given away at such place, or that the place was one injurious to morals. But it is clear from the language of the statute that dance houses and concert saloons are within its prohibition, whether or not in fact they are conducted in a manner injurious to morals.

It is evident that the legislature, in enacting the statute, was satisfied that the tendency of dance houses and concert saloons as ordinarily conducted was the corruption of youth, and in the exercise of the police power of the state it decided that, without reference

to the manner in which they might be conducted, young persons should not be permitted to be or remain therein. It is true, as claimed by defendants' counsel in this connection, that the statute does not define a dance house; but in the absence of such a definition the term must be construed in accordance with its ordinary usage. So construing it, a dance house is a place maintained for promiscuous and public dancing, the rule of admission to which is not based upon personal selection or invitation.

The gist of the offense as defined by the statute is the permitting of persons under twenty-one years of age to be or remain in a dance house. This is a sufficient definition of the offense. The complaint charges the offense in the language of the statute, and thereby sets forth all the essential elements necessary to constitute the offense; hence the complaint states a cause of action if the statute is a valid one. State v. Abrisch, 41 Minn. 41, 42 N. W. 543; State v. Howard, 66 Minn. 309, 68 N. W. 1096, 34 L. R. A. 178, 61 Am. St. 403.

The defendants, however, contend that the statute is unconstitutional, because it is not a proper exercise of the police power. It clearly is. "Public dance halls easily become centers of vice, are sometimes made the subject of special provisions, * * * [and] may be entirely forbidden." Freund, Police Power, § 250.

Again, it is urged that the statute is class legislation, and unconstitutional, in that it "discriminates between women who have arrived at the age of majority, under the age of twenty-one, and those over the age of twenty-one." The purpose of the statute is to protect the youth of the state from corrupting influences, and it was necessary for the legislature to fix an age limit. It was a matter of legislative discretion whether such limit should be the common-law limit of minority, and apply alike to the youth of both sexes, or whether a distinction should be made of females by fixing the age limit of females at eighteen years, the statutory limit of minority of females. The fact that the legislature did not make such distinction affords no ground for inferring that the statute is an arbitrary exercise of the police power, or an improper classification, for it applies alike to all persons, male and female, under the age of twenty-one years.

It follows that the statute is constitutional, and that the complaint charges a public offense.

2. It is also contended that the evidence was not sufficient to sustain the verdict of guilty. There was evidence tending to show that public dances were conducted, at the place named in the complaint, by the defendants personally as proprietors and managers, for several months; that promiscuous crowds gathered at such dances, sometimes as many as two hundred; that the dances were open to all women, without admission fee or escort, and they came and went without inquiry or restraint during the hours for dancing, which were between 8:30 o'clock p. m. and midnight; that Marie O'Conners, the person named in the complaint, who was less than seventeen years of age, attended the dances regularly for some three months, to the personal knowledge of both defendants, and usually remained until closing time; that she was present at the dance on the evening named in the complaint, to the personal knowledge of the defendant Brooks, but it does not appear from the evidence that the defendant Rosenfield was present at the dance on this particular night; that there were no restrictions as to who should be admitted to the dances, except the men alone were charged an admission fee; and further, that the associations of this particular dance house were vile. It is insisted that the evidence is wholly insufficient to warrant the conviction of the defendant Rosenfield, because he was not present at the dance on the night alleged in the complaint. He was, however, one of the proprietors and managers of the dance house, and had been frequently in charge of the dances when Marie O'Conners was present. The evidence is sufficient to sustain the verdict as to each of the defendants.

3. The last alleged error to be considered is that the trial court erred in refusing certain requested instructions and in its charge as given. The defendants requested the court to give, with other similar requests, the following:

"In order that you may find both of the defendants guilty, it will be necessary that you find that both of them knew that the minor, Marie O'Conners, was present in the dance hall on the night of March 20, 1909; that they were both present themselves, and permitted her to be or remain therein.

"In order that you may find either of the defendants guilty, it will be necessary for you to find that such guilty party knew, or ought to have known, from the appearance of [the witness] Marie O'Conners, that she was a minor.

"If you do not find that the defendants, or either of them, intended to violate the law, you cannot find them, or either of them, guilty."

These requests were properly refused, for it was not, under the evidence, necessary as a matter of law, in order to convict both defendants, that both should have been physically present and have known that Marie O'Conners was present at the dance on the night of March 20, 1909. The other two requests did not state the law of the case, for the statute does not make the knowledge of the defendants an essential element of the offense. State v. Heck, 23 Minn. 549; State v. O'Connor, 58 Minn. 193, 59 N. W. 999; State v. Sodini, 84 Minn. 444, 87 N. W. 1130; State v. Edwards, 94 Minn. 225, 102 N. W. 697, 69 L. R. A. 667; State v. Quackenbush, 98 Minn. 515, 521, 108 N. W. 953.

The instructions given, to which exception was taken by the defendants, were not erroneous.

Order affirmed.