# STATE EX REL. GREENBERG v. AL. P. ERICKSON.[1]

May 2, 1924.

No. 24,151.

**Section headlines do not determine construction of a statute.**

1. Section 21, c. 426, Laws 1923, provides that "no person shall hunt * * * or engage in any hunting or trapping or fishing except as herein provided, without first having procured a license so to do." * * * Section 28 provides that "no license shall be required of any person under twenty-one years of age." The language of section 28 is clear. It exempts a person under 21 years of age from the necessity of procuring a license, not merely from the necessity of paying a license fee. The section headlines are inserted by the secretary of state under statutory authority. They do not determine construction.

**In statute regulating hunting licenses exception of minors unconstitutional.**

2. Section 28, insofar as it excepts persons under 21 years of age, is unconstitutional as class legislation because based upon an arbitrary and unreasonable classification.

**Person under 21 must procure license.**

3. The exception is incidental to the main purpose of the act. It alone is unconstitutional. The other portions of the act are operative. A person under 21 as well as one 21 or over is required to procure a license.

Upon the relation of Ray G. Emerson the district court for Hennepin county granted its alternative writ of mandamus directed to the county auditor of that county, requiring him to show cause why he should not issue a trapping license to relator, a minor. From an order, Salmon, J., sustaining respondent's demurrer to the petition and writ, Al. P. Erickson appealed. Affirmed.

*Thomson & Williams* and *William S. Ervin,* for appellant.

*Clifford L. Hilton,* Attorney General, *Rollin L. Smith,* Assistant Attorney General, *Floyd B. Olson,* County Attorney, and *Frank J. Williams,* Assistant County Attorney, for respondent.

[1]Reported in 198 N. W. 1000.

DIBELL, J.

Alternative writ of mandamus issued by the Hennepin district court on the relation of Irving H. Greenberg, a minor, by Ray G. Emerson, his guardian ad litem, commanding Al. P. Erickson, the county auditor, to issue a hunting and trapping license to the relator. The court sustained the demurrer of the county auditor to the writ and the relator appeals.

1. Section 21, c. 426, p. 634, Laws 1923, provides that no person shall hunt or trap without first having procured a license. Section 28 provides that "no license shall be required of any person under twenty-one years of age." This section is headed "Fees." It establishes a schedule of fees. It is the contention of the relator that it should be construed as if there were after the word "license" the word "fee." We cannot sustain this contention. The language is plain. It is not inconsistent with section 21. It does not require construction. 3 Dunnell, Minn. Dig. § 8938. The relator places stress upon the word "fees" placed at the head of the section as supporting his view that it refers only to fees and not at all to licenses. This word does not appear in the engrossed act nor do the various headlines of the sections of the chapter. Section headlines are inserted by the secretary of state under legislative authority as a matter of convenience of reference. G. S. 1913, § 4942. They do not determine construction.

2. The county auditor, being of the opinion that the exception of minors was unconstitutional, refused the relator a license unless the usual fee was paid.

The contention made in support of the auditor's holding is that the basis of classification is unreasonable and arbitrary, and that the act is prohibited class legislation.

It is competent for the legislature to regulate hunting and trapping within the state. 1 Dunnell, Minn. Dig. § 3932, et seq. By section 28 those under 21 are given the privilege of hunting and trapping without a license. Others must have a license. Persons under 21, as we all know, hunt and trap. The effect of the legislation is to give to a class large in numbers a privilege not accorded to others whose position is different only because of a difference in

age. The fact of a difference in age has no substantial relation to the subject matter of the legislation.

The propriety of a classification is primarily, and largely, for the legislature. It is presented with a practical question. Presumably it has competent knowledge, has sought and acquired information, if necessary, of the facts material to the classification which it uses. Courts defer to the legislative view. That the legislation may not be theoretically perfect or reach the evil to the extent which it might does not make it objectionable. These are well recognized general principles applicable to legislation. Patsone v. Pennsylvania, 232 U. S. 138, 34 Sup. Ct. 281, 58 L. ed. 539, and cases cited; Seamer v. Great North. Ry. Co. 142 Minn. 376, 172 N. W. 765, and cases cited; Dunnell, Minn. Dig. and Supp. §§ 1668-1675. We note, as involving regulations or licenses as to the taking of game, though not otherwise particularly in point, Harper v. Galloway, 58 Fla. 255, 51 South. 226, 26 L. R. A. (N. S.) 794, 19 Ann. Cas. 235; Lewis v. State, 110 Ark. 204, 161 N. W. 154; Jonesboro L. & E. R. Co. v. Adams, 117 Ark. 54, 174 S. W. 527. The statute is a police regulation intended to benefit the people of the state through the regulation of the taking and destruction of wild animals. A classification based upon age is proper if for the benefit or protection of those so classified or for the protection of the public because of them. State v. Rosenfield, 111 Minn. 301, 126 N. W. 1068, 29 L. R. A. (N. S.) 331, 137 Am. St. 557. The object of the exception is not the protection of minors or the protection of others against minors. Its purpose is to grant a favor or privilege to the considerable number of minors, simply because they are minors, who compete in hunting and trapping with adults. The basis of the classification is arbitrary and is without substantial relation to the general purpose of the act. It is unconstitutional as class legislation.

3. The exception of minors is incidental. It is not thought that the legislature would have refrained from enacting section 28 or the other portions of the act had it supposed that it could not except minors. The portion of the act excepting minors is alone unconstitutional. Section 21, prohibiting hunting and trapping without a license, remains along with the other portions of the statute. Dun-

nell, Minn. Dig. and Supp. §. 8936. The statute operates as if there were no exception, and a minor cannot hunt or trap without a license.

The trial court was right in holding that section 28 must be read as excepting minors from the necessity of procuring licenses; that the exception is unconstitutional as class legislation granting a privilege to favored persons; that only the exception is unconstitutional, and that the other portions of the act, among them the requirement of a license, apply to minors.

No statutory attorney's fee is allowed the defendant.

Order affirmed.