# THOMAS BURNS AND OTHERS v. CITY OF ST. PAUL AND OTHERS.[1]

April 25, 1941.

No. 32,758.

*Nordlin, Oliver & Pleva* and *Arthur A. Stewart,* for appellants.
*Harry W. Oehler* and *Hilary J. Flynn,* for respondents.
*R. S. Wiggin,* City Attorney of Minneapolis, and *John F. Bonner,* Assistant City Attorney, *amici curiae,* filed a brief in support of the contention of respondents.

HILTON, JUSTICE.

The constitutionality of L. 1939, c. 136, 3 Mason Minn. St. 1940 Supp. §§ 1442-40d, 1442-40e, is challenged by this appeal. Plaintiffs, policemen in the St. Paul police department, began an action to restrain defendants from removing them from office upon the

[1]Reported in 297 N. W. 638.

ground that the cited statute, providing for their compulsory retirement, was unconstitutional. Appeal is taken by them from orders of the trial court denying this contention. For reversal, reliance is placed upon Minn. Const. art. 1, § 2, art. 4, §§ 33-34, and U. S. Const. Amend. XIV.

L. 1939, c. 136, § 1, so far as material, provides:

"Every employee, officer or person on the payroll of any fire or police department in any city of the first class shall retire upon reaching the age of 65 years; provided, that any such * * * person on the payroll * * * who has attained the age of 65 years and who has not served a sufficient length of time to entitle him to benefits under the terms and provisions of any pension act now in effect * * * may, subject to * * * the rules and regulations of [the] civil service commission * * * remain in the service * * * until he has served a sufficient length of time to entitle him to such benefits."

Plaintiffs, who have all reached 65 with full pension rights, object to that feature of the law which permits those persons of 65 years of age whose pension rights have not matured to remain on the payroll. The contention is that by requiring their retirement this law discriminates in favor of others occupying a similar position to plaintiffs.

The general principles underlying judicial consideration of class legislation were so fully expounded in State v. Pehrson, 205 Minn. 573, 287 N. W. 313, 123 A. L. R. 1045, that further exposition here seems unnecessary. Plaintiffs are willing to predicate the unreasonableness of the classification upon the ground that it has no reasonable relation to the purpose of the law. They insist that as such and within State v. Rosenfield, 111 Minn. 301, 126 N. W. 1068, 29 L.R.A.(N.S.) 331, 137 A. S. R. 557, and State ex rel. Greenberg v. Erickson, 159 Minn. 287, 198 N. W. 1000, wherein this test was applied to legislative classifications based upon age, the classification here erected must fall.

Plaintiffs contend that this law is a police measure which is designed to remove from hazardous public service persons of advanced age, thus effecting protection of the public and the persons retired. Since, they say, the public is equally endangered by all persons of advanced age engaged in public service, whether eligible for a pension or not, the discrimination against plaintiffs has no reasonable relation to the purpose of the law. But this argument wholly overlooks the provision which makes continuance on the payroll subject to "the rules and regulations of [the] civil service commission." Presumably, those persons will be retired from public service who upon reaching 65 without pension rights are physically or mentally incompetent to perform their tasks in such manner as not to jeopardize the public. This aspect considered, the reasonable relation of the discrimination to the purpose of the law will readily be seen.

But it does not follow that because a law has one purpose it cannot therefore have another. A particular classification may be germane to one purpose and not to another. Here it is entirely possible that the legislature was motivated by a desire to avoid legislation which might increase the burdens of the public relief rolls. The uniform retirement of all policemen and firemen of 65 years of age might have this effect. Such a result would be avoided by the provisions granting persons with unmatured pension claims a contingent right to remain on the payroll. Also, in compelling the retirement of those with pension rights, the legislature may have been attempting to provide employment for the young man.

We have repeatedly upheld broad legislative discretion over the destiny of the public employe. Reed v. Trovatten, 209 Minn. 348, 296 N. W. 535; State ex rel. Kane v. Stassen, 208 Minn. 523, 294 N. W. 647; Hessian v. Ervin, 204 Minn. 287, 283 N. W. 404; Johnson v. State Employees' Ret. Assn. 208 Minn. 111, 292 N. W. 767. We find nothing in the present legislation which subjects it to charges of constitutional infringement.

Orders affirmed.