Charles M. Hughes, J.
This is an action seeking injunctive relief and a declaratory judgment. It was brought by the plain *248 tiffs for the purpose of adjudicating a portion of the current zoning ordinance of the City of Schenectady.
The "plaintiffs acquired title to premises known as 1229 Baker Avenue, Schenectady, New York, on October 29, 1948. The lot in question has 40 feet frontage on Baker Avenue and is 140 feet in depth. There is a house upon the premises, occupied by the plaintiffs, and a detached garage. At the present time, the premises are residentially zoned, that is in Zone “ A ”, which permits single-family dwellings. The same zoning ordinance which was adopted in 1955 provides under schedule A, column 19: “ Other provision and requirements, District A, No. 4 — No commercial vehicle exceeding one ton capacity shall be parked or stored overnight in any dwelling district.” The prior zoning ordinance of the City of Schenectady was adopted in 1927. It set up a classification of “ A ” — single family residence district for the lot in question and permitted accessory buildings.
The plaintiff, Boy A. Facci, is engaged in the business of selling produce. The plaintiff has been engaged in the business prior to and since October, 1948, and has used in connection therewith a Chevrolet one and one-half-ton truck. The produce is sold to retail stores and no selling takes place upon the premises. The evidence showed that the plaintiff would arise at 5:00 a.m., or earlier, and after his day’s work, he would return and park the one and one-half-ton truck on the premises at about 6:00 p.m. This has been his course of conduct since 1948, when the premises were purchased.
The plaintiffs contend that they were legally using the premises under the 1927 ordinance in parking the one and one-half-ton truck in their driveway overnight, and, hence, could continue that use under the new ordinance as a nonconforming use.
The plaintiffs further contend that the truck is removed from the premises before sunrise, and, therefore, the parking of the said truck does not constitute overnight parking. The plaintiffs base this contention on section 51 of the General Construction Law which defines “ Night time ” as that period of time from sunset to sunrise.
The court will first consider the contention that the activity of the plaintiffs constitutes a valid nonconforming use.
In order to constitute a nonconforming use right, it must have been permitted and legal when it started. A subsequent prohibition is of no avail, but the use when in its inception violates the law does not by mere continuance constitute a valid nonconforming use. The old zoning ordinance of 1927 provided *249 in part: “In the ‘ A ’ Residence District no building or premises shall be used and no building shall be hereafter erected or altered, except for one or more of the following uses: 1. One-family dwellings.”
The ordinance then goes on to permit other limited uses and under subdivision 7 permits “Accessory Buildings”.
The same ordinance provided, by way of definition: ‘ Accessory Building — A subordinate building or portion of main building, the use of which is incidental to that of the main building ”.
In order to justify the storage of the plaintiffs’ auto truck under the old ordinance, it must amount to an incidental use to the dwelling upon the premises. The storing of an auto truck cannot be considered as an incidental use to a dwelling in a residential area. It is in no way accessory or incidental to the principal use. (See Incorporated Village of Great Neck v. Green, 8 Misc 2d 356.)
The second contention of the plaintiffs is that the truck is removed before sunrise each morning and that, therefore, the parking or storage of the vehicle does not constitute an overnight stay.
A reading of the new zoning ordinance of the City of Schenectady reveals a comprehensive plan to protect residential areas from any semblance of commercial enterprise. The use of the premises in question as to business vehicles, such as a one and one half ton truck, is not consistent with the legislative intent of the Council of the City of Schenectady. If this court were to accept the plaintiffs’ contention, they would be allowed to park up to four such vehicles under certain conditions. Schedule A, district A, column 11, under “ Permitted Accessory uses exceptions and limitations ”, provides under subdivision 1 thereof the following permitted use: “1. Tool house, playhouse, private garage or parking area for one (1) motor vehicle for each 2500 sq. ft. of lot area; but not exceeding four (4) such motor vehicles ”.
The new ordinance shows an intention on the part of the City Council to eliminate overnight commercial parking or garages in any residential area. There is no question that the plaintiffs could not build a private garage for the express purpose of storing a commercial vehicle. Its use would no longer be a private one under the ordinance.
The parking of a commercial vehicle at approximately 6:00 p.m. and the removal of it the following morning subsequent to 3:00 a.m. to 3:30 a.m. and before 5 o’clock in the morning would constitute overnight parking or storage. This court does not *250 take exception to the definition for “Night time ” as defined by the General Construction Law. The term ‘ ‘ overnight ’ ’ in the Zoning Ordinance of the City of Schenectady is not a technical term subject to absolute delineation by hours, minutes or seconds.
It is sufficient here to say that the plaintiffs parking or storage of the vehicle in question constitutes an overnight use of the premises. It must be read in the light of the purpose for which the zoning ordinances were passed. The Zoning Ordinance of the City of Schenectady presents a well-defined and comprehensive scheme that promotes the general welfare of the community, and the legislative intent must be determined primarily from the language used in the ordinance as a whole and the objects and purposes sought to be dealt with. Under these circumstances, the plaintiffs use constitutes “ overnight ” parking or storage. (See Matter of Monument Garage Corp. v. Levy, 266 N. Y. 339, 344; City of New Rochelle v. Lore, 94 N. Y. S. 2d 537.)
In accordance with this opinion, the plaintiffs’ complaint is dismissed, without costs.