GERALD BODIN AND OTHERS v. CITY OF ST. PAUL.

227 N. W. 2d 794.

March 21, 1975—No. 44926.

*R. Scott Davies*, City Attorney and *Terry Sullivan*, Assistant City Attorney, for appellants.

Heard before Sheran, C. J., and Yetka and Scott, JJ., and considered and decided by the court en banc.

PER CURIAM.

Defendants appeal from a judgment entered in Ramsey County District Court invalidating St. Paul City Ordinance No. 15277. We reverse.

The ordinance at issue was enacted in context of an overall reorganization of the St. Paul Police Department (hereinafter called the department) which, prior to 1963, was organized into two divisions: uniformed and plainclothes. Within the former division was the position of "police lieutenant," while the position of "detective" was located within the latter division. These positions were assigned the same civil service grade although the duties attendant thereto were different. The police lieutenants acted in a supervisory capacity while the detectives performed nonsupervisory investigative tasks.

In 1963, the department was reorganized into a unilateral alignment. Among the new positions created was that of lieutenant, which was ranked above both uniformed police lieutenant and detective. These latter two positions were *starred*, which designation marked them for eventual elimination.[1]

The duties of *starred* police lieutenant and lieutenant were similar except that only the latter could be assigned supervisory duties over plainclothes personnel.

Thereafter, the *starred* police lieutenants petitioned the Civil Service Commission for a grade increase, which was approved. Ordinance No. 15277 was enacted to codify the *starred* police lieutenants' increase from grade 35 to 38, the grade assigned to the new position of lieutenant. The aforesaid grade increase was not accompanied by any change or increase in duties or responsibilities.

Subsequently, the detectives requested a similar grade increase. However, the Civil Service Commission denied that request. That denial prompted the detectives to bring an action in district court for declaratory or injunctive relief to increase the detectives' civil service rating to grade 38. Plaintiffs justified their prayers for relief on grounds that Ordinance No. 15277 violated the "merit system" provisions of the St. Paul City Charter and that the above ordinance was unconstitutional discrimination. The district court found that it had no jurisdiction to review the request for upgrading but did review the claim of discrimination, finding the ordinance to be discriminatory and to violate the charter provisions. The court concluded that the upgrading of the uniformed police lieutenants was unlawful.

---

[1] No new personnel were to be assigned to these *starred* positions. Thus, through attrition, when there are no longer any incumbents, the positions will be abolished.

The following issues are presented in this appeal:

(1)   Did Ordinance No. 15277 constitute a *promotion* without examination in violation of the "merit system" established by c. 12 of the St. Paul City Charter?

(2)   Did Ordinance No. 15277 constitute unequal treatment of persons *similarly situated* so as to violate Minn. Const. art. 1, § 2, and art. 12, § 1,[2] and the Fourteenth Amendment of the United States Constitution?

I.

In the trial court, plaintiffs contended that Ordinance No. 15277 created a promotion without examination, thereby violating the "merit system" of personnel advancement established by c. 12 of the city charter.[3] The trial court found the provision at issue to be in violation of the charter, but did not further elaborate on the question.

Ordinance No. 3250, § 28(c), as amended, defines "promotion," in part, as follows:

"Any appointment from a position in the Police occupational group to any *other* position in the Police occupational group."

Ordinance No. 3250, § 2, as amended, provides the following definition of "position":

"The word 'position' shall mean any specific office, employment, or job calling for the performance of certain duties, and for the exercise of certain responsibilities by one individual. * * *"

In view of the critical fact that Ordinance No. 15277 did not change the duties or responsibilities of the *starred* police lieutenants, we cannot find a change in "position," which is the *sine qua non* of a "promotion" under the above quoted portions of Ordinance No. 3250. Accordingly, we hold that the challenged ordinance does not violate the "merit system" established by c. 12 of the city charter. The council simply found that the current or present responsibilities of the *starred* lieutenants entitled them to a higher civil service grade and, therefore, to higher pay. A court cannot substitute its judgment for the judgment of a legislative body in this regard when that judgment is not arbitrary, capricious, unreasonable, nor an abuse of discretion.

It is appropriate to note the following statement from this court's opinion in Burns v. City of St. Paul, 210 Minn. 217, 219, 297 N. W. 638, 639 (1941):

---

[2] Formerly Minn. Const. art. 4, § 33.

[3] Ordinance No. 3250, as amended, sets forth the details of this "merit system."

"We have repeatedly upheld broad legislative discretion over the destiny of the public employe. [Citations omitted.]" [4]

The aforesaid principle is most relevant in this case.

## II.

The instant appeal involves neither a statutory challenge based on a suspect criteria (e.g., race), nor an alleged interference with a fundamental right (e.g., travel).[5] When faced with an issue of alleged unequal treatment of persons similarly situated, this court has repeatedly stated that legislation which would purport to control such area is presumed to be constitutional. A successful challenge to such legislation requires proof of unconstitutionality beyond a reasonable doubt.[6] The burden to overcome this stringent presumption is upon the party alleging the unconstitutionality of the provision at issue.[7]

As appellants point out, the case of Schwartz v. Talmo, 295 Minn. 356, 205 N. W. 2d 318 (1973), sets forth three factors which will be considered in the face of an equal protection challenge to a legislative classification. When applied to the instant case, it is clear that plaintiffs failed to overcome the strict presumption of constitutionality.

Turning to the first Schwartz factor, whether the classification uniformly applies to all similarly situated, we find the weight of the evidence supports the council's underlying determination that the duties of *starred* police lieutenants and detectives were significantly distinct

---

[4] See, also, Minneapolis Federation of Teachers v. Obermeyer, 275 Minn. 347, 147 N. W. 2d 358 (1966); Fabio v. City of St. Paul, 267 Minn. 273, 126 N. W. 2d 259 (1964); Kaljuste v. Hennepin County Sanatorium Comm. 240 Minn. 407, 61 N. W. 2d 757 (1953); Kellerman v. City of St. Paul, 211 Minn. 351, 1 N. W. 2d 378 (1941).

[5] See discussion in Davis v. Davis, 297 Minn. 187, 210 N. W. 2d 221 (1973).

[6] Head v. Special School Dist. No. 1, 288 Minn. 496, 182 N. W. 2d 887 (1970), ceriorari denied sub nom. Minneapolis Federation of Teachers, Local No. 59 v. Spannaus, 404 U. S. 886, 92 S. Ct. 196, 30 L. ed. 2d 168 (1971); Minneapolis Federation of Teachers v. Obermeyer, *supra*; Minneapolis Gas Co. v. Zimmerman, 253 Minn. 164, 91 N. W. 2d 642 (1958); State v. International Harvester Co. 241 Minn. 367, 63 N. W. 2d 567, appeal dismissed, 348 U. S. 853, 75 S. Ct. 78, 99 L. ed. 672 (1954).

[7] Minneapolis Federation of Teachers v. Obermeyer, *supra*; In re Taxes on Property of Cold Spring Granite Co. 271 Minn. 460, 136 N. W. 2d 782 (1965); Anderson v. City of St. Paul, 226 Minn. 186, 32 N. W. 2d 538 (1948).

in that the former were officially vested with supervisory duties while the latter were not. Thus, the two classes were not *similarly* situated.

As to the second Schwartz consideration, that the distinctions defining the class are genuine and substantial, we find no evidence in the record to show that it is arbitrary to pay supervisory personnel more than nonsupervisory personnel.

The third Schwartz factor is whether the classification is germane or relevant to the purpose of the law. As to that factor, we are far from convinced that plaintiffs proved beyond a reasonable doubt that the purpose of the classification is not germane to the purpose of the enactment at issue.

We therefore hold that Ordinance No. 15277 is not an unconstitutional denial of equal protection.

Reversed.