**In the Matter of Timothy ATKINSON.**

**No. C7–89–959.**

Court of Appeals of Minnesota.

Aug. 15, 1989.

Review Denied Oct. 13, 1989.

Roderick N. Hale, Minneapolis, for appellant Atkinson.

Thomas L. Johnson, Hennepin County Atty., Elizabeth V. Cutter, Asst. County Atty., Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., David Peter Iverson, Sp. Asst. Atty. Gen., St. Paul, for observer Minnesota Dept. of Human Services.

Heard, considered and decided by FORSBERG, P.J., and SHORT and THOREEN,* JJ.

## OPINION

FORSBERG, Judge.

Appellant Timothy Atkinson, a mentally retarded 17-year-old, challenges the actions of Faribault Regional Treatment Center (Faribault) in refusing to admit him as an informal patient. Atkinson also chal-

---

* Acting as judge of the Court of Appeals by ap- pointment pursuant to Minn. Const. art. 6, § 2.

lenges Minn.Stat. § 253B.04, subd. 1 (1988) on equal protection grounds, arguing the statute unconstitutionally denies minor children 16 or over the right to have their parents informally admit them to treatment facilities. We refuse to consider Atkinson's claim against Faribault, a non-party. We affirm the committing court's conclusion that Minn.Stat. § 253B.04, subd. 1 is not unconstitutional.

## FACTS

On April 7, 1989, a Hennepin County official filed a petition to involuntarily commit appellant Timothy Atkinson as mentally retarded. At the hearing on the petition, Atkinson's mother testified that she would prefer to informally admit Atkinson to Faribault. Atkinson's social worker testified that Faribault would not accept any patients under the age of 18 without a court order and a variance from the state. The social worker testified, however, that Faribault would be an appropriate placement facility for Atkinson.

During the course of the hearing, Atkinson's attorney challenged Minn.Stat. § 253B.04, subd. 1 (1988), claiming the language of the statute unconstitutionally denied Atkinson the opportunity for his parents to consent on his behalf to informal admission. The record indicates that Atkinson could not himself consent to informal admission because he is not verbal. The attorney for Hennepin County explained that a guardian could not be appointed to voluntarily admit Atkinson to Faribault because such procedure was prohibited by Minn.Stat. § 525.56, subd. 3(1) (1988).[1]

The court heard the parties' testimony, and issued an order committing Atkinson to Faribault, finding no suitable alternative disposition. Following the hearing, Atkinson's attorney submitted a written motion and memorandum on the issue of the con-

stitutionality of Minn.Stat. § 253B.04, subd. 1. The Minnesota Attorney General was notified of this motion.

On April 27, 1989, the court issued an order denying Atkinson's motion. Atkinson appealed from the judgment of commitment and the order denying his motion to declare Minn.Stat. § 253B.04, subd. 1 unconstitutional.

## ISSUES

1. Did Faribault violate Minn.Stat. § 253B.04, subd. 1 by refusing to admit Atkinson as an informal patient?

2. Does Minn.Stat. § 253B.04, subd. 1 constitute an unconstitutional violation of Atkinson's equal protection rights?

## ANALYSIS

### I.

Minn.Stat. § 253B.04, subd. 1 (1988) provides, in part:

The head of the treatment facility shall not arbitrarily refuse any person seeking admission as an informal patient.

Atkinson claims Faribault violated this statute by refusing to informally admit him for treatment.

Faribault, however, is not a party to this action. We therefore decline to address Atkinson's claim against Faribault in this appeal. *See Blenda Life Corp. v. Blenda Life, Inc.*, 293 Minn. 448, 196 N.W.2d 925, 927 (1972) (claim against a non-party would not be decided).

### II.

Minn.Stat. § 253B.04, subd. 1 provides: Informal admission by consent is preferred over involuntary commitment. Any person 16 years of age or older may request to be admitted to a treatment facility as an informal patient * * *. Any person under the age of 16 years may be admitted as an informal patient

---

1. "A ward or conservatee may not be admitted to a regional treatment center by the guardian or conservator except (1) after a hearing pursuant to chapter 253B * * *.*"

with the consent of a parent or legal guardian * * *.

Atkinson challenges this language on equal protection grounds, arguing the statute unconstitutionally denies minors 16 years of age or older the right to have their parents consent to informal admission.

In *In re Harhut*, 385 N.W.2d 305 (Minn. 1986), the Minnesota Supreme Court stated that a legislative classification which is based on mental retardation must be upheld if that classification is rationally related to a legitimate state interest. *Id.* at 310–11 (citing *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 105 S.Ct. 3249, 3255–58, 87 L.Ed.2d 313 (1985)). The *Harhut* court indicated that the rational basis test involves a two-tiered analysis: (a) whether the statute has a legitimate purpose; and (b) whether the legislature could reasonably believe that the use of the classification would promote that purpose. *Harhut*, 385 N.W.2d at 311 (citing *Western and Southern Life Insurance Co. v. State Board of Equalization*, 451 U.S. 648, 668, 101 S.Ct. 2070, 2083, 68 L.Ed.2d 514 (1981); *AFSCME Council 6, 14, 65 & 96 v. Sundquist*, 338 N.W.2d 560, 570 (Minn.1983)).

 Statutes are presumed to be constitutional, and when applying the rational basis standard, we must not question the accuracy or wisdom of the underlying legislative classification. *Harhut*, 385 N.W.2d at 311 (*quoting Sundquist*, 338 N.W.2d at 570). When challenging a legislative classification under the rational basis test, a party must prove that the statute is unconstitutional beyond a reasonable doubt. *Harhut*, 385 N.W.2d at 311 (citing *Bodin v. City of St. Paul*, 303 Minn. 555, 558, 227 N.W.2d 794, 797 (1975); *Head v. Special School District No. 1*, 288 Minn. 496, 505, 182 N.W.2d 887, 893 (1970), *cert. denied sub nom. Minneapolis Federation of Teachers, Local No. 59 v. Spannaus*, 404 U.S. 886, 92 S.Ct. 196, 30 L.Ed.2d 168 (1971)).

 In the case on appeal, the committing court construed Minn.Stat. § 253B.04, subd. 1 as follows:

In this situation, the legislature chose to give certain minors greater rights than younger children. The legislature has selected the age of 16 for various other purposes, such as, the minimum age for receiving a driver's license and the minimum age to withdraw from school.

The statute in question is actually conferring rights on minors 16 and older by allowing them to consent to receive treatment for mental health treatment and services, and to object to the imposition of such services upon themselves on parental authorization.

We agree with this construction, which comports with the mandate that statutes be interpreted in favor of constitutionality. Under the committing court's reasoning, the statute promotes a legitimate purpose by conferring upon a child 16 years of age or older the right to request informal admission. By transferring this decision to the child who reaches the age of 16, the legislature has indicated an intent to remove the decision from the child's parent at the earliest possible date. While a parent might be more willing to proceed with involuntary commitment, the older child may choose voluntary admission instead. The statute therefore promotes the legislative objective of avoiding involuntary commitment whenever possible in favor of less restrictive alternatives. Minn.Stat. §§ 253B.04, 253B.09.

We are not persuaded by the cases cited in Atkinson's brief, which do not involve the issue of a legislative transfer of rights from parents to children nearing the age of majority.

## DECISION

We do not decide Atkinson's claim against Faribault, a non-party. Minn.Stat. § 253B.04, subd. 1 is not an unconstitutional denial of equal protection.

Affirmed.