**STATE of Minnesota, City of Robbinsdale, Respondent,**

v.

**Gary S. LEE, (C2–98–21), Lawrence A. Banasik, (C4–98–22), Appellant,**

**Nos. C2–98–21, C4–98–22.**

Court of Appeals of Minnesota.

Sept. 22, 1998.

---

Hubert H. Humphrey III, Attorney General, St. Paul; and Paul D. Baertschi, Tallen & Baertschi, Minneapolis, for respondent.

Terry H. Rueb, Rueb & Karl Law Office, Burnsville, for appellants.

Considered and decided by KALITOWSKI, P.J., AMUNDSON and WILLIS, JJ.

## OPINION

KALITOWSKI, Judge.

In a consolidated appeal, appellants challenge the district court's determination that respondent's restriction ordinance does not violate their constitutional rights. Appellant Banasik also challenges the district court's determination that respondent is not estopped from enforcing the ordinance against him.

## FACTS

Appellants Gary S. Lee and Lawrence A. Banasik are owner-operators of semi-truck tractors that weigh in excess of 9,000 pounds. Both appellants live in residential Robbinsdale. Banasik has parked his tractor on his driveway for approximately 16 years and Lee has parked his tractor on his driveway since around August 1996.

The record indicates there have been several complaints from Lee's neighbors about his tractor's noise and smell. Banasik conceded that a neighbor had complained about his tractor several years ago.

In 1988 Banasik received a letter from the City of Robbinsdale informing him that parking his tractor on the driveway of his mother's home was a violation of the city ordinance. Banasik retained an attorney who contacted the city attorney and the issue apparently was dropped. Banasik subsequently purchased the home from his mother and installed a six-inch thick concrete driveway. Banasik's permit for the driveway lists its thickness but not its purpose.

In the summer of 1995, Banasik was contacted by the Robbinsdale code enforcement officer who sent him a letter and notice of violation for parking his truck tractor at his residence. The officer met with Banasik, who told him he had been parking his tractor on his driveway for years. Because there were no complaints on record and because according to the officer his boss "wasn't worried about it," the officer decided not to pursue an enforcement action. When Lee was ticketed for a similar violation in 1996 following numerous complaints from neighbors, he raised questions concerning Banasik. As a result, the code enforcement officer brought an enforcement action against both appellants.

## ISSUES

1. Does the Robbinsdale city ordinance violate appellants' constitutional rights?

2. Does appellant Banasik have a vested right to continue parking his truck tractor on his residential driveway?

## ANALYSIS

### I.

In considering the issues we may proceed from the premise that it has been established by all the leading authorities that ordinances dividing cities into residential and business districts and limiting use of realty in each district to certain purposes will not be declared unconstitutional unless it affirmatively appears that the restriction is clearly arbitrary and unreasonable and without any substantial relation to public health, safety, morals, prosperity, or general welfare.

*Kiges v. City of St. Paul*, 240 Minn. 522, 529–30, 62 N.W.2d 363, 369 (1953). The city need only survive a "rational basis" test such that an even debatable decision by the city council must be upheld if there is a reasonable basis for that action. *Honn v. City of Coon Rapids*, 313 N.W.2d 409, 415 (Minn.1981). The party challenging the constitutionality of a statute or ordinance bears the burden of establishing unconstitutionality beyond a reasonable doubt. *Bodin v. City of St. Paul*, 303 Minn. 555, 558, 227 N.W.2d 794, 797 (1975).

Appellants are challenging the constitutionality of Robbinsdale Ordinance § 510.17, subd. 2(b), which reads:

*Off-street parking.* Subdivision 1. *Purpose.* The purpose of this subsection is to alleviate or prevent congestion of public rights-of-way and to promote the safety and general welfare of the public, by estab-

lishing minimum requirements for off-street parking of motor vehicles in accordance with the utilization of various parcels of land or structures or both.

Subd. 2. *General Provisions.*

Off-street parking facilities accessory to residential uses shall be utilized solely for the parking of licensed and operable passenger vehicles, licensed and operable recreational vehicles as regulated in subsection 515.01, subdivisions 3 and 4. Off-street parking facilities accessory to residential uses may be utilized for the parking of not more than one licensed and operable truck not exceeding a gross vehicle weight of 9,000 pounds. Under no circumstances shall facilities accessory to residential structures be used for the parking or storage of semi-truck tractors or semi-truck tractor-trailer combinations, for the storage of commercial vehicles, or to provide off-street parking or storage facilities for non-residential uses.

Subsection 515.01 limits the parking of recreational vehicles (RVs) to those under 30 feet long and subjects them to other limitations such as screening and placement. The regulation of RVs is based upon their length and not on their weight.

Appellants claim the ordinance violates their constitutional guarantee of equal protection because it distinguishes, without legitimate basis, between truck tractors and RVs. Appellants note a number of factors that they claim make their particular use of truck tractors less offensive than RVs, including limited hours of operation, good driving skills, and newer, quieter models.

However, as noted above, a city's burden in defending an ordinance against a constitutional challenge is minimal; the city need only show a rational reason for its ordinance. As the district court stated:

[W]hile the Robbinsdale ordinance may not constitute the best or most equitable use of legislative discretion, the court will not substitute its judgment when the classification is not arbitrary and capricious.

We agree. Included in the city's statement of the purpose of the ordinance is promotion of "the safety and general welfare of the public." Some of the factors justifying the ordinance as noted by the city are: (1) the commercial nature of the truck tractor; (2) potentially lowered property values and aesthetics associated with parking of truck tractors as opposed to RVs; (3) noise and smell generated by all diesel truck tractors; (4) generally heavier weight of truck tractors; and (5) the likelihood of more frequent operation of commercial truck tractors than RVs.

In addition, the record indicates that over the years the use and parking of truck tractors in residential neighborhoods has generated numerous complaints. On this record, we conclude the city has put forth a reasonable basis for the ordinance. Therefore, appellants have failed to establish beyond a reasonable doubt that the ordinance is unconstitutional.

## II.

■ Appellant Banasik claims that because he has parked his truck tractor at his residence for years without being ticketed by the city and installed a thicker driveway, the city is equitably estopped from now enforcing its ordinance against him. We disagree.

■ A party seeking to apply estoppel against the government has a heavy burden to bear. *Ridgewood Devel. Co. v. State*, 294 N.W.2d 288, 292 (Minn.1980). Further, because of implications for the separation of powers doctrine, courts should negate decisions of a city legislature for "only the most compelling reasons and the clear necessity to avoid the most unconscionable results." *Id.* at 293.

■ The most important element in an equitable estoppel claim is wrongful conduct on the part of the government. *Id.* Here, the district court noted that Banasik provided no evidence of wrongful conduct on the part of the city. The mere failure of the city to ticket him earlier does not rise to the level of wrongful action under *Ridgewood.* Additionally, Banasik's obtaining a building permit for a six-inch thick driveway is not sufficient evidence to charge the city with knowledge that Banasik was going to use the driveway

in a prohibited manner so as to make the city's failure to act unjustified.

 Finally, we agree with the conclusion of the New York court that persons cannot acquire a vested right to an illegal use of property. *See Facci v. City of Schenectady,* 13 Misc.2d 247, 176 N.Y.S.2d 827, 829 (1957) (finding that in order to correctly constitute a nonconforming use, the use must have been permitted and legal when it began). Accordingly, we affirm the district court's denial of Banasik's motion to dismiss the city's enforcement action.

## DECISION

The district court properly denied appellants' motions to dismiss the city's enforcement action or find the Robbinsdale parking restriction unconstitutional. There is a rational basis for the ordinance and appellant Banasik did not acquire a right to continue a prohibited use of his property because the city did not previously enforce its ordinance against him.

**Affirmed.**